It was stated upon the argument that the sole object of this suit was, to have it judicially determined whether the plaintiffs are liable to taxation in the city of Buffalo; and any technical imperfections in the pleadings or proceedings were expressly waived, with a view to the decision of this single question. The general law of the State on the subject of the assessment and collection of taxes (1 R.S., 389, § 6), provides, that "all the personal estate of every incorporated company, liable to taxation on its capital, shall be assessed in the town or ward where the principal office or place for transacting the financial concerns of the company shall be."
The plaintiff is a corporation organized under the act of April 15, 1854, for the incorporation of companies to navigate the lakes, c. (Sess. Laws, 1854, 218), the first section of which provides, that any five or more persons may form a company, by making a certificate in writing, and filing the same "in the office of the clerk of the county in which the principal office for the management of the business of the company shall be situated," in which certificate they are required to state, among other things, "the name of the city or town and county in which the principal office for managing the affairs of such company is to be situated."
The certificate filed by the plaintiff, pursuant to this act, bearing date December 28, 1855, in addition to the other statements required by the statute, contains the following, viz.: "The principal office for managing the financial and other affairs of such company shall be located and situated at the village of Tonawanda, in the town of Wheatfield, county of Niagara, which is hereby declared to be the village, town and county where the principal office for managing the affairs of such company shall be situated." This certificate was filed on or about the day of its date in the office of the clerk of the county of Niagara.
It was proved upon the trial that the company, shortly after its organization, established and had ever since maintained an office at the village of Tonawanda, where the stock book of the company was kept, and where the directors held their *Page 410 
regular monthly meetings; but at which very little other business was transacted. Only one clerk was employed at this office, at a salary of $150 per annum. It also appeared that the business of the company, consisting of the transportation of produce and other property upon the Western Lakes and the Erie Canal, was very large; that twenty clerks were employed at the office of the company in Buffalo; that the president, secretary and treasurer of the company resided there, and did their business chiefly at that office; that the business done there annually amounted to several hundred thousand dollars; that full books of account of the business of the company were kept there; that money received at places west of Buffalo, after paying necessary disbursements, were remitted to the office at Buffalo; that the company had a large number of offices both East and West, at all of which, except New York and Chicago, the business was much less than at Buffalo; that more money was received at Chicago, and about twice as much at New York, as at Buffalo. It was shown also that the object of the company, in locating its principal office at Tonawanda, was to avoid taxation in the city of Buffalo.
Under these circumstances it is evident, that unless the certificate filed pursuant to the statute, is conclusive upon the question of location — if the matter is open to parol proof at all, it is established beyond controversy, that the principal office "for transacting the financial concerns of the company" is not at Tonawanda, but either at New York or Buffalo; probably the latter. The only question then is, in regard to the effect as evidence, of the statement in the certificate. There are some considerations which seem to me decisive of this question. Unless the Legislature intended that the certificate should be conclusive, as to the location of the principal office, it is difficult to see any adequate motive for requiring the statement to be made. It is in no manner essential to the existence of a corporation that the place of its principal office should be fixed, or even that it should have any such office. We can, however, see obvious reasons why it is expedient that corporations should be deemed to have a location for certain purposes, *Page 411 
among which is that of taxation; and that this should be definite and certain, and not subject to fluctuation or doubt. When the question is left open to parol proof, serious difficulties and embarrassments must often arise. What makes the office of a corporation its principal office? Is it the residence of its officers? or does it depend upon the amount of the business done, or the number of clerks kept at a particular office? These and other like questions are of difficult solution where the question is left open and at large, and necessarily tend to produce controversies and litigation. To avoid disputes upon the subject, was, I apprehend, one motive for requiring the location to be fixed by the certificate. It is not important that a corporation should be taxed where it does the greatest amount of its business; but it is important that the place where it is liable to be taxed should be known.
Another motive for the requirement in question, is shown by section 23 of the act of 1854, which requires the company to keep its stock books at the place designated in the certificate. This is for the convenience of the stockholders, and of persons dealing in the shares of the corporation. It is of very little consequence where such books are kept, whether where the other business of the company is principally done or not; it is only important that the place should be known and fixed.
Other considerations having the same tendency might be drawn from the various provisions of the act of 1854, and from cotemporaneous legislation; but these are sufficient, I think, to show that the object of the Legislature, in requiring these corporations to designate the location of their principal office in the certificate filed, must have been to produce that certainty on the subject, which could not otherwise be attained, and that the provision did not originate in any supposed necessity for having the "principal office" and the place of the principal business of the corporation identical.
The defendant's counsel seemed, upon the argument, to place much reliance upon the fact, that the motive of the company in placing its principal office at Tonawanda was to *Page 412 
avoid taxation. But it is no more inequitable or immoral for a corporation to do this, than for an individual to do substantially the same. A person may keep his office in Buffalo and transact business there to an unlimited amount, enjoying all the facilities and advantages which the enterprise and expenditures of the city have afforded, and yet by residing without the city bounds avoid all municipal taxation. When this shall be practised, either by individuals or corporations, to an extent which renders it a serious evil, it will be for the Legislature to interfere.
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed.