JOHN CHADWICK &c., Respondent, *v.* MOSES C. CRAPSEY, Appellant.

Taxes levied for school purposes are to be levied and assessed in the same manner, and upon the same species of property, as those for town, county, and State purposes.

*Hubbard & Fitchew,* for the appellant.

*S. Caverno,* for the respondent.

DAVIES, Ch. J. Upon the trial of this action, the plaintiff's counsel proved the following facts:

School district No. 1 in the town of Wheatfield was formed and organized in the year 1836. "The Western Transportation Company" was a corporation formed and organized on the 28th day of December, 1855, under and in pursuance of the provisions of the act of the legislature of the State of New York, being chapter 232 of the Session Laws of 1854.

In the certificate required by section one of said act, it was stated, among other things therein required to be stated, that the corporate name of said company should be " The Western Transportation Company;" the amount of its capital, nine hundred thousand dollars; the term of its existence, twenty years; and the village of Tonawanda, in the town of Wheatfield and county of Niagara, the village, town and county in which the principal office for managing the affairs of such company would be situated.

Said company thereupon opened such office at the place last aforesaid, and continued the same to the time of such trial; and has, during all that time, transacted and carried on the business designated in said certificate, and has generally exercised the powers and enjoyed the privileges conferred by said act. The place so designated for said office, and where the same was so opened, was within said school district number one.

During the years 1861, 1862, and 1863, and to the time

of such trial, the plaintiff was a resident and taxable inhabitant and legal voter of said school district.

At the annual meeting of the taxable inhabitants and legal voters of said school district, held on the second Tuesday of October, 1861, the school district officers required by the statute were regularly chosen, and among them this plaintiff was chosen collector of said school district, qualified as such, and entered upon the discharge of the duties of the office. At a like annual meeting, held on the second Tuesday of October, 1862, such school district officers were again so chosen, and among them the plaintiff was chosen collector of said school district, qualified as such, and entered upon the discharge of the duties of the office. At the like annual meeting held on the second Tuesday of October, 1863, such school district officers were again so chosen, and among them the plaintiff was chosen collector of said school district, qualified as such, and entered upon the discharge of the duties of the office, and continued such collector and in discharge of such duties to the time of said trial.

From the time of its organization as aforesaid to the time of said trial, and particularly for the years 1861, 1862, and 1863, the said Western Transportation Company was regularly assessed in said town of Wheatfield, and taxed upon its capital, and the said company was duly entered by the assessors of Wheatfield upon the assessment rolls of said town for those years respectively. Said company never claimed or gave notice to the trustees of said school district of any claim to a reduction in the valuation of its capital, as entered and contained in said assessment rolls. Said company owned no real estate.

At the annual meeting so held in said district in the year 1861 above mentioned, a district tax for school purposes was voted by said meeting; and thereupon the trustees of said school district made out a tax list in due form of law, upon all the taxable inhabitants and corporations holding property therein, and upon all the real estate taxable therein, to the amount of the tax so voted, ratably proportioned, —following the valuations contained in the assessment roll

of said town for the year 1861; and did therein tax the said Western Transportation Company, on the value of its capital as assessed in said assessment roll, the sum of seventy-five dollars.

On or about the 14th day of November, 1861, said trustees issued a warrant under their hands, directed to the collector of said school district, for the collection of the sums in such tax list mentioned, including the tax so assessed to said company, annexed said warrant to said tax list, and delivered the same to said plaintiff, as such collector.

At the annual meeting so held in said district in the year 1862 above mentioned, a district tax for school purposes was voted by said meeting; and thereupon the trustees of said school district made out a tax list in due form of law, upon all the taxable inhabitants and corporations holding property therein, and upon all the real estate taxable therein, to the amount of the tax so voted, ratably proportioned, following the valuations contained in the assessment roll of said town for the year 1862; and did therein tax the said Western Transportation Company, on the value of its capital as assessed in said assessment roll, the sum of three hundred and twelve dollars. On or about the 20th day of April, 1863, said trustees issued a warrant under their hands directed to the collector of said school district, for the collection of the sums in said tax list last mentioned, —including the tax so as last aforesaid assessed to said company, annexed said warrant to said tax list, and delivered the same to said plaintiff, as such collector.

At the annual meeting so held in said district in the year 1863 above mentioned, a district tax for school purposes was voted by said meeting; and thereupon the trustees of said school district made out a tax list in due form of law upon all the taxable inhabitants and corporations holding property therein, and upon all the real estate taxable therein, to the amount of the tax so voted, ratably proportioned,—and following the valuations contained in the assessment rolls of said town for the year 1863,—and

did therein tax the said Western Transportation Company, on the value of its capital, as assessed in said assessment roll, the sum of one hundred and thirteen dollars.

On or about the 10th day of November, 1863, said trustees issued a warrant under their hands, directed to the collector of said school district, for the collection of the sums in such tax list last mentioned, including the tax so as last aforesaid assessed to said company, and annexed said warrant to said tax list, and delivered the same to said plaintiff, as such collector.

The plaintiff, as such collector, in due time, and in due form of law, proceeded to collect the taxes in the several tax lists and warrants above mentioned, and for that purpose, among other things, called upon and demanded payment of the several persons and corporations therein named, and particularly of the said Western Transportation Company, by calling at its said office, and demanding such payment of its president. Said company neglected and refused to pay said several taxes, and each and every of them.

The trustees of said school district, with the written approbation of the supervisor of the said town of Wheatfield, indorsed on said warrants, regularly renewed from time to time said warrants, in respect to said company and other delinquents, and kept and continued them in life, so that, on the 19th and 28th days of January, and 4th day of February, 1864, the same were of full force and effect. On the said 19th day of January, 1864, said plaintiff, as such collector, proceeded to levy and collect the said several taxes so assessed and taxed to said company, and for that purpose did, on the day last aforesaid, at Lockport, in said county, levy said several warrants upon nine horses, of the value of nine hundred dollars and upwards, the personal property of the said company, at the farm of said defendant, Moses C. Crapsey, and in his possession; of all which facts said defendant was informed, and he acknowledged that said horses were the property of said company, claimed no interest therein, except for wintering them under a contract with said company, and promised said collector that he would produce said horses to

him on such day as said collector should appoint for the sale thereof.

Said plaintiff, as such collector, thereupon duly advertised said property for sale at public auction, at the farm of said defendant, on the 28th day of January then instant, at two o'clock in the afternoon of that day. At the time and place last aforesaid, the plaintiff attended for the purpose of selling the property. The defendant refused to produce the property, and forbid the plaintiff, as such collector, to come upon his premises where the property was, and concealed and locked up the same in his barn. The plaintiff then adjourned the sale to the 4th of February then next, at the same place and hour of the day. At which time and place, the plaintiff, as such collector, again attended, for the purpose of selling said property, and then and there offered to pay said defendant the amount of any claims or liens which he had or might have upon such property, and fully to indemnify him in respect thereof, and demanded of him the property, for the purposes aforesaid. The defendant again refused to produce the property to said collector, and again secreted and locked the same up in his barn, and prevented said collector from taking and selling them.

The amount of the several taxes so assessed and taxed to said company was the sum of five hundred dollars. The amount of the collector's fees was the sum of twenty-six dollars and two cents — making in all the sum of five hundred and twenty-six dollars and two cents; for which amount the plaintiff, as such collector, and by virtue of said several warrants, claimed a special property in and lien upon said horses.

Upon the foregoing facts, by agreement of the parties, and by order of the court, a verdict was taken for the plaintiff for five hundred and twenty-six dollars and two cents, subject to the opinion of the court at General Term, on a case to be made, and which gave judgment thereon for the plaintiff. The defendant now appeals to this court.

We are without the benefit of the views of the Supreme Court in this case, and have no intimation of the points discussed or passed upon in that court. Although a very extended

discussion has been presented for our consideration, the case is within a very small compass, and turns upon a single point, and that is, whether taxes levied for school purposes are to be levied and assessed in the same manner and upon the same species of property as those for town, county and State purposes. For these purposes, this corporation was to be assessed on the amount of its capital, and is liable to taxation in the town or ward where the principal office or place for transacting the financial concerns of the company shall be. This subject has been so fully discussed in the numerous cases which have been decided in this and the other courts of this State, that it would be a useless waste of time to go over the same ground again. This court held, in the case of *The Western Transportation Company* v. *Schen* (19 N. Y., 408), that this identical corporation was taxable on the amount of its capital stock, in the village of Tonawanda, town of Wheatfield, and county of Niagara, that being the place designated in its certificate of organization as that in which was situated its principal office for the management of the business of the company. The liability thus passed upon was that created in reference to a general tax for town, county and State purposes.

It only remains to consider whether any difference obtains in relation to a tax laid for school purposes. It is conceded that the place designated as that in which the principal office for managing the affairs of the company was situated, and where the same was opened, was within said school district number one, by which said tax was regularly assessed and imposed, if said corporation was liable to taxation, for school purposes. A reference to the provisions of section 85 of chapter 480 of the Laws of 1847, as amended by chapter 290 of the Laws of 1858, will remove any doubt on this subject. They conclusively demonstrate the intention of the legislature to subject the same property to taxation for school purposes as was liable to taxation under the general laws for town, county and State purposes. This section declares that in making out the tax list for any school district, the trustees thereof shall apportion the tax to be raised upon all taxable inhabitants of the district, corporations holding property

therein, and on all banks, banking associations, and individual bankers, whose place of business is within the district at the time any tax may be voted, according to the valuation of the taxable property which shall be owned or possessed by them at the time of making out such list within such district.

The true construction of this statute undoubtedly is, that corporations, banks, banking associations, and individual bankers, whose places of business were within the district at the time any tax was voted, were to be included in the tax list, with all the taxable inhabitants therein. At any rate, all corporations holding any property within the district, if their place of business was located within the district, were intended to be subject to taxation. It is not denied, but conceded, that this corporation was located within the school district, and had some property therein. It was, therefore, clearly to be entered upon the tax list, and to be assessed in some amount. What amount? The defendant contends, only to the extent of the property which the corporation had, actually located within the school district. But this is not in accordance with the directions of the statute. Any corporation located within the district, having its principal office there for the management of its business, is to be assessed " according to the valuation of the taxable property which shall be owned or possessed by them at the time of making out such list within such district." And section 96 of the general school act (chapter 480 of the Laws of 1847) declares that the valuation of taxable property by the trustees shall be ascertained, so far as possible, from the last assessment roll of the town, and no person shall be entitled to any reduction in the valuation of such property, as so ascertained, unless he shall give notice of his claim to such reduction to the trustees of the district before the tax list shall be made out.

For the purposes of taxation, the taxable property of a corporation owned and possessed by it is the amount of its capital stock, subject to such deductions as are allowed by law. The Western Transportation Company was, therefore, primarily liable to assessment on the amount of its capital stock, within this school district, for any tax lawfully imposed

for school purposes; and as no claim was made for a reduction thereof, we are to assume that the whole amount of its capital was subject to taxation.

As all the proceedings for the imposition and collection of the tax are conceded to have been regular, the judgment was correct, and should be affirmed, with costs.

All the judges concurring.

Judgment affirmed.