BLUMENTHAL *et al. v.* HUDSON RIVER BOOT & SHOE MANUF'G CO.

*(City Court of New York, General Term.* October 15, 1891.)

ATTACHMENT—DOMESTIC CORPORATIONS—"PRINCIPAL PLACE OF BUSINESS."
    Under Code Civil Proc. N. Y. § 3169, allowing writs of attachment to issue out of the city court of New York against "a domestic corporation whose principal place

of business is not within the city of New York," the "principal place of business" is that designated as such in the certificate of incorporation or amended certificate; and, that not being within the city of New York, it is immaterial that the corporation has a place of business in the city.

Appeal from special term.

Action by Ferdinand Blumenthal and others against the Hudson River Boot & Shoe Manufacturing Company. Defendant appeals from an order denying its motion to vacate an attachment.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGHER, JJ.

*Blumenstiel & Hirsch*, for plaintiffs.   *Hastings & Gleason*, for defendant.

VAN WYCK, J.   The defendants moved to vacate an attachment granted on July 22, 1891, on the ground that it was a domestic corporation, and that it, "at the time the said warrant of attachment was granted, and at all times thereafter, had its principal place of business within the city of New York;" and on affidavits stating that its certificate of incorporation provided "that the objects for which said company is formed are the manufacturing and selling of boots and shoes;" and "that the names of the town and county in which the operations of said company are to be carried on are Poughkeepsie, county of Dutchess, state of New York;" that such certificate was dated and acknowledged and filed in Dutchess county clerk's office on December 28th, 1885; and "that said certificate of incorporation has been in no respect modified, amended, or enlarged." The affidavits further show that by petition dated July 27, 1891, a majority of defendant's trustees "made application at a special term of the supreme court, held in and for the county of Dutchess," for its voluntary dissolution, whereupon the receiver who makes this application to vacate was appointed by order of Judge BARNARD, duly filed in Dutchess county clerk's office. However, these affidavits set forth that, "immediately after the said defendant was organized as a corporation, it rented a store and office at premises No. 116 Duane street, in the city of New York, as and for its principal place of business, and the said premises have continuously been occupied by the said defendant from 1885 until the present time, as its principal place of business," and that "during the said period the said company has manufactured boots and shoes at the city of Poughkeepsie, in the state of New York, where its factory is situated." The principal business of this corporation would seem to have been the manufacturing of boots and shoes at Poughkeepsie, and that the business of selling was merely incidental, and, moreover, the corporation treated Dutchess as "the county in which the business of the company shall be carried on," as required by the act; for it filed its certificate of incorporation there, and, as required by section 2423 of the Code, it presented the petition for its voluntary dissolution at a term of the supreme court "held within the judicial district embracing the county wherein the principal office of the corporation is located." The act of 1848 and amendments, under which this defendant was incorporated, provide that the certificate of incorporation shall be filed "in the office of the county in which the business of the company shall be carried on;" that the certificate of payment of the capital stock shall be recorded "in the office of the county clerk of the county wherein the business of said company is carried on;" that the annual report shall be filed "in the office of the clerk of the county where the business of the company shall be carried on;" and that the written assent of stockholders to mortgage the company's goods and chattels and franchise "shall first be filed in the office of the clerk of the county where the corporation has its principal place of business." For all of these purposes it has been invariably held that the original designation in the certificate of incorporation (unless changed by filing amendments) of the county in which the operations of the company are to be carried on is conclusive and controlling, and that the certificate of incorporation, the certificate of payment of capital

stock, the annual report, and the written assent of stockholders to mortgage must be filed in the office of the clerk of the county so designated as aforesaid in the certificate of incorporation. It has also been held that the last certificate designating the place of the operation of the business of the company, and filed in accordance with the provisions of the act, is conclusive evidence of the legal residence of the corporation for the purpose of taxation. *Western Transp. Co.* v. *Scheu*, 19 N. Y. 408; *Steam-Boat Co.* v. *City of Buffalo*, 82 N. Y. 351; *Chesebrough Manuf'g Co.* v. *Coleman*, 44 Hun, 545. And no authority has been cited or found which allows such a domestic corporation to establish its principal place of business other than by making and filing an original or amended certificate of designation of the same as required by the statute, and it is well that it is so, as any other rule would certainly lead to confusion and inconvenience, and would be illogical. The principal place of business referred to in section 3169 of the Code means such place as is so designated by certificate made and filed as aforesaid, and the defendant's principal place of business is not within the city of New York, but at Poughkeepsie, by its own designation by certificate filed in Dutchess county clerk's office. The order denying motion to vacate the attachment must be affirmed, with costs. All concur.