## ROTHSCHILD *v.* DITHREDGE FLINT GLASS CO.

*(City Court of New York, Special Term.*   January 6, 1892.)

ATTACHMENT—DOMESTIC CORPORATIONS—"PRINCIPAL PLACE OF BUSINESS."

Under Code Civil Proc. § 3169, allowing attachments to issue out of the city court of New York against a domestic corporation whose principal place of business is not within the city of New York, it is a question of fact whether defendant's principal place of business is in such city, and the recitals of the certificate of incorporation are not conclusive of that fact. *Blumenthal* v. *Manufacturing Co.,* (City Ct. N. Y.) 15 N. Y. Supp. 826, distinguished.

At chambers.   Action by Alonzo Rothschild against the Dithredge Flint Glass Company to recover for the cost of advertising in the Jewelers' Weekly. Defendant moves to vacate an attachment theretofore granted, on the ground that defendant did not have its principal office in the city of New York. Motion denied.

*Nathan, Sondheim & Rothschild,* for plaintiff.   *Seward, Guthrie & Morawetz,* for defendant.

McCARTHY, J.   This is a motion to vacate an attachment granted against the defendant, a domestic corporation, on the ground that its principal place

of business was not in the city of New York. Code Civil Proc. § 3169. Affidavits have been submitted on both sides, and the matter is before me on the merits. The defendant contends that having filed its certificate as required by statute, in which it designates as follows: "The said company is to be formed for the purpose of carrying on a part of its business in the town of New Brighton and county of Beaver and state of Pennsylvania, and that the names of the town and county within this state in which the principal part of the business of said company is to be transacted is the city and county of New York,"—this is all that is necessary; and cites *Blumenthal* v. *Manufacturing Co.*, (City Ct. N. Y.) 15 N. Y. Supp. 826. That case does not support the contention claimed for by the defendant. It determines, however, that, a domestic corporation having once declared by its certificate of incorporation as to the principal place of business, it cannot claim another place as its principal place unless by filing an amended certificate giving notice of such a change in conformity with the statute. It is not enough to declare in the certificate that a particular place is or will be its principal place of business, but such must be so in fact. It then becomes, when disputed, a question of fact to be determined whether the defendant, a domestic corporation, has its principal place of business within the city of New York. I have examined the affidavits presented by both sides, and am of the opinion that the defendant's principal place of business is not within the city of New York, and therefore the motion to vacate the attachment should be denied, with $10 costs.