## SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD v. A. E. AND F. W. FRALEY, EXECUTORS.

No. 955. Decided December 3, 1900.

**1. Insurance—Benefit Society—Power of Executive Council.**

Under the charter of the Sovereign Camp of the Woodmen of the World, giving to such corporation the power to make its own constitution and legislative control over its general laws, the sovereign executive council of such association had power to enact laws ·for its government and could prescribe the conditions upon which benefit certificates should become binding on members and the society. (P. 205.)

**2. Same—Corporate Acts—Where Performable.**

An incorporated benefit society, having no stockholders, but composed of members living in various States in which it was authorized to organize subordinate lodges, is not subject to the limitation imposed on ordinary corporations that corporate acts can be performed only in the State where it was created. Its authorized legislative body could exercise the power given it to change the constitution and general laws of the association at a meeting regularly called but sitting in a State other than that by which it was created. (P. 205.)

**3. Benefit Certificate—Suicide Clause—Constitution of Order Construed.**

An amended constitution of a benefit company providing that a clause of avoidance in case the member should die "by his own hand or act, sane or insane," "shall be made a part of every beneficiary certificate and shall be binding on both member and order," was a command to its officers to embody such condition in the certificate, but was not a general provision declaring all certificates void in case of suicide. (Pp. 205, 206.)

**4. Same—Notice—Waiver.**

If the command of the legislative body of a benefit society to insert the clause of avoidance in case of suicide, sane or insane, in every certificate, had the effect of a general rule against liability in such cases, of which the society assumed the duty of giving notice to members by insertion of such clause in their certificates, a beneficiary misled into accepting the certificate by a failure of the officers of the society to insert such clause, was not chargeable with knowledge of such rule, though the certificate was issued subject to the constitution and by-laws of the order and its officers were authorized to issue certificates only upon the conditions laid down by its constitution and laws, and forbidden to waive them. (P. 206.)

---

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Harrison County.

Fraleys, as executors, sued the Sovereign Camp of the Woodmen of the World to recover on a benefit certificate issued to W. B. Fraley, deceased, husband of their testator. Plaintiffs recovered judgment, and it was affirmed on appeal by defendant, who thereupon obtained writ of error.

*F. H. Prendergast* and *Brome & Burnett,* for appellant.—The court erred in declaring void the amendment to the by-laws passed by the St. Louis meeting of the sovereign camp in 1897, for the reason that said amendment was passed at a meeting outside of the State of Nebraska, the State creating the corporation. Taylor on Corp., sec. 382; Handley v. Stutz, 139 U. S., 417; Lead Co. v. Reinhard, 114 Mo., 218; Camp v. Byrne, 41 Mo., 525.

In a mutual benefit insurance fraternity, where the certificate refers to the by-laws of the order as controlling, the by-laws contain the contract of insurance if there is a conflict between them and the certificate. Splawn v. Chew, 60 Texas, 535; 1 Bacon on Ben. Assns., secs. 63, 69, 161; Knights and L. of H. v. Grace, 60 Texas, 572. All persons are presumed to know the by-laws: Bacon on Ben. Soc., secs. 81, 126, 133; Pfister v. Gerwig, 23 N. E. Rep., 1042; Bliss on Ins., sec. 552; May on Ins., secs. 63, 64; Biddle on Ins., sec. 52, et seq.

A mutual benefit insurance company does not waive the benefit of one of its by-laws by reason of the fact that its officers issue certificates contrary to said by-laws. Knights of Honor v. Keener, 6 Texas Civ. App., 267; Miller v. Insurance Co., 7 Atl. Rep., 895; Burbank v. Boston Police, 11 N. E. Rep., 693; Bacon on Ben. Soc., secs. 148, 121, 125, 434a; Story on Agency, secs. 58, 133; Mora. on Corp., secs. 580, 599; Priest v. Insurance Co., 3 Allen, 602; Swett v. Society, 78 Me., 541.

Where the by-laws provide that there can be no recovery if the insured commit suicide, sane or insane, then the beneficiary of an insane suicide can not recover even though the certificate provide otherwise. Splawn v. Chew, 60 Texas, 535; Bacon on Ben. Soc., secs. 161, 184.

The court erred in not holding that the beneficiary certificate issued to W. B. Fraley was issued without any authority from defendant company, because said certificate provided that the beneficiary could recover if Fraley committed suicide while sane or insane, and the officers issuing the certificate had no authority to change or waive the by-laws. Miller v. Insurance Co., 7 Atl. Rep., 895; Burbank v. Boston Police, 11 N. E. Rep., 693; Bacon on Ben. Soc., sec. 171; Hale v. Insurance Co., 66 Am. Dec., 410.

*T. P. Young* and *Chas. E. Carter,* for appellees.—The exercise of the legislative power of a corporation, the right to make by-laws binding on all members whether voting for same or not, is the highest function the body can exercise, and is strictly a corporate act; the exercise of this power being the performance of a corporate act, must be within the territorial limits of the State which incorporated the body. If an attempt is made to pass by-laws or perform any other corporate act outside of the State of the domicile of said corporation, such by-laws are absolutely void. Land Co. v. Laigle, 59 Texas, 343; Beattie v. Hardy, 53 S. W. Rep., 686; 5 Am. and Eng. Enc. of Law, 2 ed., 89, and note 2; Mitchell v. Mining Co., 40 N. Y. Super. Court,

406; 1 Waterm. on Corp., 210, 211; Angel & Ames on Corp., sec. 498; Miller v. Ewer, 46 Am. Dec., 619; State v. Railway, 45 Wis., 579.

The power to make by-laws existing in a corporation must be exercised by that body in whom the charter has vested the law-making power; and any attempt at the exercise of this power by any other body is absolutely void. In this case the supreme executive council or board of directors had the power to make by-laws, and the general convention of delegates from the States, which met in St. Louis in March, 1897, had not the legislative power given by the charter of the appellant, and the attempt by the convention to make laws in St. Louis was absolutely void. Supreme Lodge K. of P. v. Stein, 75 Miss., 107; Supreme Lodge K. of P. v. La Malta, 95 Tenn., 157; Bailey v. Association, 52 S. W. Rep., 853.

A member of a benevolent and co-operative mutual insurance company such as appellant is not bound by such void laws and regulations as some body of men other than the corporation have attempted to impose upon the corporation, whether such laws are passed before or after he becomes a member; especially in this case, when such corporation itself ignores such attempted laws, and treats them as not binding when it receives such member into its fold. See Supreme Lodge K. of P. v. Stein, 65 Am. St. Rep., 589.

Where the corporation itself, by and through its general officers, and in accordance with a long course of dealing in issuing certificates, grants a certificate which is inconsistent with a by-law, which by-law is not observed in its dealings, the certificate controls, and the by-law must yield to the contract as stated in the certificate. Under such circumstances the beneficiary of the certificate must be held to have contracted with reference to its terms, and not with reference to a by-law disregarded by the corporation. Davidson v. Society, 39 Minn., 303; 25 Am. and Eng. Corp. Cases, 601, 16 Am. and Eng. Enc. of Law, 36; Cook on Life Ins., 20; Supreme Lodge v. Mondrowski, 49 S. W. Rep., 919; Bacon on Ben. Soc., sec. 179, p. 229; Insurance Co. v. Hazelett, 105 Ind., 212; 16 Am. and Eng. Enc. of Law, 639, note 8; 1 Dig. N. W. Rep., 2818.

A corporation such as a mutual benefit society may waive any by-law which was intended for the protection of the company, and where the general officers and directors of the company do disregard a by-law, and issue a great number of certificates during a protracted course of dealing, it will be held to have waived such by-law in favor of those who have accepted such certificates under such circumstances. Splawn v. Chew, 60 Texas, 537, 77 Texas, 523; Bacon on Ben. Soc., sec. 171, p. 214, and sec. 426, p. 636; Insurance Co. v. Keyser, 64 Am. Dec., 377; Manning v. Ancient O. U. W., 86 Ky., 136; Erdmann v. Wisconsin, etc., Co., 44 Wis., 376.

BROWN, ASSOCIATE JUSTICE.—On the 1st day of January, 1891, under the general laws of the State of Nebraska, certain persons filed

articles of incorporation for the purpose of creating what was to be known as the Sovereign Camp of the Woodmen of the World. Article first provided that the name of the corporation should be "Sovereign Camp of the Woodmen of the World, with powers to make its own constitution, laws, · rituals, rules of order, and discipline and secret work, and for supervisory and legislative control over the general laws and regulations of the sovereign camp, and its jurisdiction and all its subordinate branches."

The purposes of the corporation were declared to be to organize and establish a social, fraternal, beneficiary and benevolent order, "combining and associating together white male persons of sound bodily health, exemplary habits," etc., with power in the sovereign executive council to change the ages, etc.; to create a fund out of which to pay a sum not exceeding $3000 to the beneficiary designated by the member upon proof being made of the death of the member as required by the by-laws.

The affairs of the corporation were to be conducted by an executive council, composed of not more than thirteen members, consisting of the elective officers of the sovereign camp. The plan was to organize local camps, called membership camps, and what was known as head camps, having supervisory control and authority over the membership camps, from which head camps delegates were to be selected, which composed the sovereign camp of the order. These delegates were required to meet on the second Tuesday of March every two years at such place as might be designated by the sovereign camp, the sovereign executive council, or the sovereign consul commander. It was provided that the first meeting should be held in 1895 at the city of Omaha, in the State of Nebraska, at which time the officers of the camp should be elected. The jurisdiction of the order extended throughout the United States and its territories and the Dominion of Canada.

It was provided in the articles of incorporation that those articles might be altered or amended at any time at any meeting of the executive council by a two-thirds vote of the members present or a special biennial meeting of the sovereign camp by a two-thirds vote of the legal delegates present.

A constitution of the order was adopted at the first meeting in 1895, which contained the following provision: "The following conditions shall be made a part of every beneficiary certificate and shall be binding on both member and order," among which conditions was the following: "If the member holding this certificate * * * should die by his own hand (except it be shown that he was at the time insane) * * * this certificate shall be null and void and of no effect." At a regular meeting of the delegates to the sovereign camp, held in St. Louis, Mo., March 9-20, 1897, the constitution was so changed as to read as follows: "The following conditions shall be made a part of every beneficiary certificate and shall be binding on both member and the order * * * if the member holding this certificate * * *

shall die by his own hand or act, whether sane or insane, * * * this certificate shall be null and void and of no effect." The constitution contained a clause prohibiting any officer or employe or agent of the sovereign camp or head camp or any camp to waive any of the conditions upon which a beneficiary certificate issued or to change or vary or waive any of the provisions of the constitution and laws, providing expressly, "Each and every beneficiary certificate is issued only upon the conditions stated in and subject to this constitution and laws."

The change in that part of the constitution which prescribed the conditions of the certificate took effect on the 1st day of May, 1897. In August, 1897, W. B. Fraley, by regular application, became a member of the order and received a life beneficiary certificate payable, in the event of his death while the certificate was in force, to his mother, Mrs. M. E. Fraley, for the sum of $3000 and $100 for a monument. The certificate was issued subject to the constitution and by-laws of the order, which were declared to be a part thereof, and to certain conditions indorsed on the certificate, one of which was as follows: "If the member holding this certificate shall die by his own hand (except it be shown that he was at the time insane) then this certificate shall be null and void and of no effect." The application made by Fraley expressly stated that it was made subject to all the provisions of the constitution and the by-laws of the order. The reason given for not including in the certificate the condition expressed by the amendment to the constitution is that the new form of certificate had not been issued and the officer used the old form. The certificate was signed by the sovereign consul commander, and secretary of the Sovereign Camp of the Woodmen of the World.

On April 1, 1899, while a member of the order in good standing and his certificate in full force, W. B. Fraley committed suicide, he being then insane.

Mrs. M. E. Fraley died on May 15, 1899, leaving a will in which the defendants in error, A. E. and F. W. Fraley, were appointed executors. The will was duly probated and the officers of the Sovereign Camp of the Woodmen of the World having refused, upon proper proof of the death of Fraley, and his insanity, to pay the amount of the certificate, this suit was brought by the executors of Mrs. Fraley to recover the sum of $3000 expressed therein and $100 for a monument. The case was tried before the district judge without a jury and a judgment was entered for the plaintiffs below for the amount sued for, which judgment was by the Court of Civil Appeals affirmed.

The three controlling questions presented in this case are: (1) Did the Sovereign Camp of the Woodmen of the World, which assembled at St. Louis, have the power to enact laws for the government of the order; (2) if it had that power, was it authorized to do so at the meeting held at the city of St. Louis; (3) if those questions be held in the affirmative, can the sovereign camp defeat a recovery on this certificate because the insured, being insane, committed suicide?

The articles of incorporation adopted "The Sovereign Camp of the Woodmen of the World" as the name of the corporation, which was empowered to make its own constitution and to exercise general legislative authority. The executive powers of the corporation were confided to an executive council composed of the officers of the sovereign camp, and, under certain conditions and limitations, the council might exercise legislative authority. Authorized delegates from the head camps were required to meet every two years, and, when assembled, were denominated "The Sovereign Camp of the Woodmen of the World," and constituted the supreme legislative department of the order to which was committed the authority to make its laws. The amendment in question was adopted by the delegates assembled as "the sovereign camp" in the manner required by the by-laws. It was a proper exercise of power given to that body.

It is claimed that the corporation could not hold a meeting for the exercise of strictly corporate functions outside of the State of Nebraska, under whose laws it was organized. That is the rule with regard to ordinary corporations. Franco-Texas Land Co. v. Laigle, 59 Texas, 343. That rule, however, is based upon public policy which seeks to protect the stockholders from meetings which might be held at places remote from their homes or of which they had not been notified; but the reason is not applicable to this class of corporations because, in the first place, there are no stockholders in the sense in which that term is ordinarily used. Such associations are composed of members living in various States,—usually the greater number outside of the State in which the corporation was created. Their interests demand that the meetings of the supreme legislative department be held as near to the membership as possible, and, to accomplish this purpose, the place of meeting is usually changed at each convocation of the body. Sound public policy sustains such a proceeding as consistent with the rights of persons interested in the management of the corporation. In the second place, when a corporation like this is created with power to organize subordinate bodies over so large a scope of country as the United States and the Dominion of Canada, it is necessarily contemplated that the greater part of the business will be transacted beyond the territory of the State in which it has its origin, and the authority to hold the meetings at such place as may be best adapted to the purpose of its creation, arises by implication. Derry Council v. State Council, 47 Atl. Rep., 208.

As amended, the language of the constitution is: "The following conditions shall be made part of every beneficiary certificate and shall be binding on both member and order   *   *   *   if the member holding this certificate shall die by his own hand or act, whether sane or insane,   *   *   *   this certificate shall be void and of no effect." The provision is a command to the officers of the sovereign camp to embody the prescribed condition in each certificate thereafter issued which binds the member accepting it and the order issuing it. This is not a general provision of the constitution nor a general by-law of the order

which declares all certificates void if the insured shall commit suicide, but in direct and specific terms declares void that certificate of which it shall be made a part. The rule of construction that the intention of the parties to a contract must be declared and enforced applies in this case, and demands that the certificate as issued shall be upheld as against the amended article.

If, however, we consider it in the light of a general by-law or resolution, and that it was intended, by inserting it in the certificate, to give notice to the member of its existence, then the officers of this order having failed to insert that condition, Fraley was misled and caused to enter into a contract of membership that he might not have accepted if the terms had been expressed as now claimed. Having assumed the duty of notifying the member of the existence of that provision, he was not chargeable with knowledge on the ground that it was a by-law of the order; the plaintiff in error is bound by the notice as it was actually given by its officers at its direction. Fitzgerald v. Life Assn., 3 N. Y. Supp., 214; Warnerbold v. Grand Lodge A. O. U. W., 83 Iowa, 23; Davidson v. Benefit Soc., 39 Minn., 303.

The certificate of membership must govern in determining the rights of the parties, and the judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*