The MILLERS MUTUAL FIRE INSURANCE CO. of Texas, Appellant,

v.

ALAMO EXPRESS, INC., Appellee.

No. 16810.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 17, 1977.

Rehearing Denied March 17, 1977.

Talbert, Giessel & Stone, Alice Giessel, Houston, for appellant.

Quinnan H. Hodges, Michael W. Melton, Houston, for appellee.

COLEMAN, Chief Justice.

The defendant Insurance Company appeals from an adverse judgment in a suit on an insurance policy brought by its insured to collect the money it was forced to pay to a third party in satisfaction of a default judgment. The case was tried to the court without a jury. Findings of fact and conclusions of law were filed.

On June 26, 1968, a vehicle owned by Alamo was involved in a collision with a vehicle owned by a third party, who was injured in the collision. At the time of the accident Alamo had an automobile liability insurance policy issued by Millers Mutual. The policy contained the standard provision requiring the insured to forward to the company immediately "every demand, notice, summons, or other process received by him or his representatives."

The suit was filed in Harris County, the county in which the collision occurred. Alamo was served with citation on April 11, 1969, in Bexar County, Texas, and forwarded this citation to the Millers Mutual office in San Antonio, Texas, by mail on October 28, 1969. Millers Mutual's San Antonio office received the citation on October 29, 1969.

On the same date, Millers Mutual took a non-waiver agreement from Alamo because of the late delivery of citation and then forwarded the citation to their Houston office, where it was received on October 31, 1969, a Friday. On Monday, November 3, 1969, Millers Mutual telephoned an attorney and requested that the suit be answered under the non-waiver agreement. An answer was prepared the same day and forwarded by mail to the district clerk of Harris County. This answer was received and filed on Tuesday, November 4, 1969.

The District Court of Harris County granted a default judgment against Alamo on November 3, 1969. Millers first learned of the default judgment on January 6, 1970, when a court cost bill was received by the attorney which it had employed to defend Alamo.

On or about January 27, 1970, Millers Mutual by letter notified Alamo that a default judgment had been taken against it. In the letter Millers also called Alamo's attention to the fact that the citation was delivered to them on October 28, although the answer was due to have been filed on May 5, 1969. The letter quoted the provision of the insurance policy requiring that the citation be forwarded to it immediately, and reminded Alamo that a non-waiver agreement reserving Millers Mutual's rights under the contract had been signed. The letter then stated: "We have now determined that there was a policy violation by your delay in forwarding the suit papers to us and we are hereby notifying you that we are declining coverage and/or payment of this judgment and other costs rendered in connection therewith.

"It is our recommendation that you employ an attorney of your choice to protect your interests since henceforth our attorney will withdraw his activity from this lawsuit."

Alamo Express thereafter paid the sum of $11,140.94 in satisfaction of the default judgment.

The trial court found as a fact that following the receipt by Millers Mutual of the petition and citation and after obtaining the non-waiver agreement it took complete charge of the lawsuit and retained exclusive control of said litigation from the date of its receipt until on or about January 27, 1970.

The trial court found that the defendant, Millers Mutual, was estopped from asserting the contractual provisions of the policy of insurance and of the non-waiver agreement by reason of their acts and omissions undertaken and omitted following their receipt from Alamo Express of the citation in that it "by [. . .] acts and omissions undertook the defense of said suit and, thereafter, negligently failed to protect plaintiff (its insured) and failed to notify plaintiff of its rights, only after default judgment in said suit had been taken and had become final, to the detriment of plaintiff, and damages to plaintiff in the amount of $11,140.94."

As one of its conclusions of law the trial court stated: "Defendant herein failed to represent the interests of plaintiff after it undertook to do so; they did not notify plaintiff that it would not protect plaintiff against judgment (in Kosclskey suit) until it was too late for plaintiff to protect itself; and defendant, by its silence (and by its acts and omissions), is estopped, as a matter of law, from denying liability due to improper notification . . ."

The trial court also concluded, as a matter of law, that after the insurance company received the citation from the plaintiff, and having failed to exercise ordinary care to protect its insured, through its acts and omissions prejudiced the rights of their insured and, by its conduct, waived its part of the non-waiver agreement, and, by its conduct, both by act and omission, damaged plaintiff in the amount of $11,140.94, the amount plaintiff was required to pay on the judgment in the Kosclskey suit, for which defendant is liable to plaintiff.

The record reflects that prior to the date on which Millers Mutual denied liability under the insurance policy, the attorney employed by Millers Mutual to defend the Kosclskey suit filed a motion for a new trial on January 8, 1970, and that this motion was set down for hearing on January 19, 1970, and on that date was overruled.

It was stipulated that the delay of Alamo in forwarding the citation was due to "inadvertence."

■ The policy provision requiring the immediate forwarding of suit papers has been held a condition precedent to liability on the insurance contract. The failure of the insured to comply with the condition will relieve the company of liability under the policy unless the company has waived compliance or is estopped from asserting noncompliance. *Members Mutual Insurance Company v. Cutaia*, 476 S.W.2d 278 (Tex.1972); *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233 (1956).

The undisputed facts in this case establish, as a matter of law, a failure to give notice as soon as practicable. However, the trial court has filed findings of fact that the insurance company was negligent in protecting the interests of its insured in the Kosclskey suit after it undertook the defense of said suit. The court found that by reason of this negligence and by reason of the insurance company's failure to deny liability under the policy until it was too late for the plaintiff to protect itself, the defendant is estopped from asserting the contractual provisions of the policy of insurance and the non-waiver agreement as a defense to the cause of action asserted against it by Alamo Express.

Millers Mutual asserts that there is an insufficient factual basis in the record for these findings of fact by the trial court. Since at the time the citation was delivered to the insurance company the answer was long past due, reasonable minds might differ as to whether the insurance company was negligent in failing to file an answer to the suit before the trial court granted a default judgment.

Under the terms of the insurance policy the company had the "right and duty" to defend any suit brought against its insured seeking damages on account of bodily injury until such time as the company should deny liability under the policy. The company would be responsible for the actions of the attorney selected by it to defend the suit. The evidence that on January 6, 1970, the insurance company first learned that a default judgment had been granted in the Kosclskey suit, considered with the evidence that the docket sheet in the case reflects a setting for November 17, 1969, as well as an entry showing that default judgment had been granted on November 3, 1969, and entered in the minutes on November 12, 1969, supports a finding that the insurance company was negligent in failing to learn of the entry of the default judgment in time to file a motion for new trial and in failing to notify the plaintiff of the exist-

ence of the default judgment prior to the date on which it became final.

A definition of equitable estoppel is quoted in *Farmer v. Thompson,* 289 S.W.2d 351 (Tex.Civ.App., Fort Worth 1956, writ ref'd n. r. e.), taken from Pomeroy's Equity Jurisprudence, Vol. 3, p. 189, § 804, reading:

" 'Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract, or of remedy.' "

"The doctrine of estoppel is based upon the grounds of public policy, fair dealing, good faith, and justice, and its purpose is to forbid one to speak against his own act, representations, or commitments to the injury of one to whom they were directed and who reasonably relied thereon. The doctrine of estoppel springs from equitable principles, and the equities in the case. It is designed to aid the law in the administration of justice where without its aid injustice might result . . . ."

After Millers Mutual had elected to undertake the defense of Alamo in the Kosclskey suit it was under a duty to defend the rights of Alamo in said suit in a non-negligent manner. Millers Mutual and the attorney which it employed, by reason of Millers Mutual's policy right to defend the suit against its insured, had complete control of the case, and Alamo, of necessity, relied on Millers Mutual to protect its rights in a non-negligent manner. The trial court has determined that Millers Mutual's negligent failure to file a timely answer, and negligent failure to learn of the granting of the default judgment prior to the time the judgment became final, resulted in prejudice to the rights of Alamo Express, and that it would be inequitable to permit Mil-

lers Mutual to assert its policy defense. The trial court did not err in reaching this conclusion.

■ Millers Mutual contends that its actions in electing to defend and defending the suit against its insured cannot result in a waiver of its policy defense or in an estoppel to assert its policy right to deny coverage because of the non-waiver agreement entered into with its insured. This agreement provided that any action taken by the insurance company in investigating the cause or loss and all facts pertaining thereto or in "electing to defend any suit or suits growing out of said occurrence, or participation therein or withdrawal therefrom . . . shall not waive or invalidate any of the terms or conditions of any policy or policies and shall not waive or invalidate any rights whatever of either party to this agreement." The agreement, however, does not in any manner speak to the effect of negligence in the conduct of the defense it had elected to assume. Non-waiver agreements are strictly construed against the insurer and will not be extended by implication beyond their exact terms. *Employers' Casualty Company v. Tilley*, 496 S.W.2d 552 (Tex.1973). Acts not coming within the plain import of the non-waiver agreement may operate as a waiver. *Springfield Fire & Marine Ins. Co. v. Hassen*, 53 S.W.2d 1031 (Tex.Civ.App., Eastland 1932, no writ history).

The trial court found both waiver and estoppel against the insurer. We find no evidence that the insurer voluntarily relinquished a known right. In *Homesteaders' Life Association v. Holden*, 288 S.W. 242 (Tex.Civ.App., El Paso 1926, writ ref'd), the court said:

"... There is a distinction between waiver and estoppel but the dividing line between waiver implied from conduct and estoppel is oftentimes shadowy, and in the law of insurance the terms are quite often used interchangeably; that which is often referred to as waiver is not a pure waiver, but is an application of the principles of estoppel . . ."

■ By accepting the late tender of the citation and by requiring the non-waiver agreement the insurer impliedly agreed to defend the suit against its insured until it gave notice of withdrawal to its insured. By filing its answer after the default judgment had been rendered, by failing to file a motion for new trial prior to the date on which the judgment became final, and by failing to appeal by way of a writ of error or by a bill of review, the insurer has failed to defend the action. The effect of the failure to defend after having elected to do so is not controlled by the non-waiver agreement. The insurer is estopped to assert the provision of the non-waiver agreement whereby it was agreed that undertaking to defend the suit would not constitute a waiver of the policy provision requiring the immediate forwarding of the process served on him. We must consider that the insurance company was under an obligation either to contest the suit against its insured or to settle the same. Since the insurer failed to either settle or defend this suit it is obliged to pay the judgment rendered. *American Indemnity Company v. Fellbaum*, 114 Tex. 127, 263 S.W. 908 (1924).

■ Alamo Express also plead a cause of action against Millers Mutual based on common law negligence. These findings of fact on the part of the trial court would sustain a judgment in favor of Alamo Express based on common law negligence. However, Millers Mutual contends that the evidence will not support a finding of damages in any amount which were proximately caused by such negligence. We agree. While there is evidence that Alamo Express was required to pay the sum of $11,140.94 in satisfaction of the judgment procured against it, this is not sufficient to establish the amount of damage proximately caused by the negligence of Millers Mutual. There is no evidence that Alamo Express had a good defense to the Ko$clskey suit, or that it would have been able to show that Ko$clskey had suffered a lesser amount of damage than that awarded by the trial court. See *Rice v. Forestier*, 415 S.W.2d 711 (Tex.Civ.App., San Antonio 1967, writ

ref'd n. r. e.); *Gibson v. Johnson*, 414 S.W.2d 235 (Tex.Civ.App., Tyler 1967, writ ref'd n. r. e.), cert. denied, 390 U.S. 946, 88 S.Ct. 1032, 19 L.Ed.2d 1135; *Jackson v. Urban, Coolidge, Pennington & Scott*, 516 S.W.2d 948 (Tex.Civ.App., Houston [1st] 1974, writ ref'd n. r. e.).

The judgment is affirmed.