## Wytheville.

LOYD'S EXECUTORIAL TRUSTEES v. CITY OF LYNCHBURG AND OTHERS.

June 13, 1912.

Absent, Cardwell and Whittle, JJ.

1. CORPORATIONS—*Principal Office—Taxation.*—The declaration in the certificate of incorporation of a corporation incorporated under the laws of this State, as to the location of its principal office, is conclusive on that point, and fixes the place for taxing its intangible property, although all of its executive and financial business be done elsewhere, and the selection of the location of the principal office be for the purpose of securing a lower rate of taxation. Courts have nothing to do with the motives which induce incorporators to select a particular place for the location of the principal office of the coporation.

Error to a judgment of the Corporation Court of the city of Lynchburg on a motion to correct an erroneous assessment of taxes. Judgment for the defendant. Petitioner assigns error.

*Reversed.*

The opinion states the case.

*Kirkpatrick & Howard* and *J. Irby Hurt,* for the plaintiffs in error.

*Robert D. Yancey, Wilson & Manson,* and *Samuel W. Williams, Attorney-General,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is an application of the plaintiffs in error, who were the

plaintiffs in the trial court, to be relieved from certain State and city taxes assessed against them in the city of Lynchburg.

The ground upon which they based their right to the relief sought was that the property upon which the tax had been assessed consisted entirely of stocks, bonds, etc.—intangible personal property—which had been, prior to the beginning of the tax year, transferred and assigned to the Loyd Corporation, a corporation organized and chartered under the laws of this State, with its principal office in the town of Abingdon, in the county of Washington; that the said corporation had been assessed with all taxes properly leviable and assessable against it for that year (1910), and had paid the same to the Commonwealth, the county of Washington, and the town of Abingdon, where its principal office was located.

The Corporation Court of Lynchburg was of opinion that the petitioners were not entitled to the relief sought, and dismissed their petition.

Section 1105a, which prescribes what a certificate of incorporation shall contain, provides, among other things (sub-section 2, cl. b) that it shall set forth "the name of the county, city, or town wherein its principal office in this State is to be located."

Section 492 of the Code, among other things, provides that property belonging to a corporation, which property is not otherwise taxed, shall be listed for taxation "to the corporation by the principal accounting officer, and at the principal place of business of such corporation; but, if not so listed, it shall be listed and taxed in the place where the property is."

The general rule is that property of an intangible nature has no *situs* of its own for the purposes of taxation, and is, therefore, assessable only at the place of its owner's domicile. *State Bank of Virginia* v. *City of Richmond,* 79 Va. 115; Cooley on Taxation, 63.

The general rule, also, is that a corporation, for the purposes of taxation, has its domicile at the place where its principal office is located. *Atlantic & Danville Ry. Co.* v. *Lyons, Treas.,* 101 Va. 1, 42 S. E. 932; *Orange & Alex. R. R. Co.* v. *City Council of Alexandria,* 17 Gratt. (58 Va.) 176, 185-6; Cooley on Taxation, p. 64.

Mr. Black, in his article on Taxation, 37 Cyc. 959, says that "if the law requires the certificate of incorporation to state where such principal office shall be located, it is ordinarily conclusive on this point, and fixes the place for taxing the company's property, unless its residence has been changed by some statute, although some decisions hold that if no business is transacted at the nominal principal office, except the meetings of stockholders and directors, while all the company's executive and financial business is done at another place, it is to be taxed at the latter place. * * * "

Among the contentions made by the city of Lynchburg in maintaining its right to tax the property in question is the fact that the office of the Loyd Corporation at Abingdon is merely nominal, and all of its executive and financial business is done in Lynchburg; and that the principal office was fixed in the certificate of incorporation at Abingdon to obtain a lower rate of taxation than existed in Lynchburg. It becomes material, therefore, to consider and decide whether the declaration in the certificate of incorporation of that company, as to the location of its principal office, as required by the statute, is conclusive on that point, and fixes the place for taxing the property in question; for, if the matter is open to parol proof, it is clear y hown—indeed, it is conceded— that practically all the business of the corporation is transacted at its office in Lynchburg.

Independent of statute, it is not essential to the existence of a corporation that its principal office shall be fixed, or, indeed, that it shall have a principal office; yet for some purposes, and for obvious reasons, it is important that every corporation chartered under the laws of the State should have a principal office in the State, and that its location should be definite and certain, for the location of such office, among other things, affects the jurisdiction of the courts (Code, sec. 3214), the service of process (Code, sec. 3225, 3227), and the place of taxation.

Unless the General Assembly intended that the statement in the certificate of incorporation should be conclusive as to the location of the company's principal office, there does not seem to be any good reason for requiring such statement to be made, for if that statement is not conclusive of the place where the company's

principal office is located, but its location may be elsewhere, either by the act of the company alone or because its business is chiefly conducted at some other office, then the requirement will be of little value, and may be hurtful. If the question of where its principal office is located is to be determined, not by its certificate of incorporation, but by parol proof, serious difficulties and embarrassments will often arise, not only in the courts, but with litigants in instituting suits, sheriffs, and other officers in executing process, and commissioners of the revenue in assessing taxes.

These considerations, and others which might be mentioned, would seem to indicate pretty clearly that the object of the legislature in requiring the certificate of incorporation to state where the principal office of the company was to be located was to bring about that certainty on the subject which could not otherwise be attained, and to make the statement in the certificate conclusive of the fact required to be stated.

Whether such a statement is conclusive, or is open to parol proof, has been considered in other jurisdictions.

The Court of Appeals of New York, in the case of *Western Transportation Company* v. *Scheu,* 19 N. Y. 408, held that the statement in the certificate of incorporation was conclusive as to the location of the principal office as therein designated. The act for the incorporation of companies to navigate the lakes and rivers, which was construed in that case, required the certificate of incorporation to designate the city or the town and county in which the principal office for the management of the company's affairs was to be located. That action was instituted for the purpose of determining where the plaintiff, a corporation having a capital stock of over $900,000, was taxable—whether in the town of Tonawanda, designated by the certificate of incorporation as the place where its principal office was located, but at which scarcely any business was done, or in the city of Buffalo, where it had an office, and where its president, secretary, and treasurer lived, and the business of the company was largely transacted. It also appeared in that case, as in this, that the object of the corporation in locating its principal office at a place where it did little business, instead of at a place where its business was largely or principally done, was to escape a higher rate of taxation.

"Under these circumstances," said the judge, delivering the unanimous opinion of the court, "it is evident that unless the certificate filed pursuant to the statute is conclusive upon the question of location—if the matter is open to parol proof at all, it is established beyond controversy that the principal office 'for transacting the financial concerns of the company' is not at Tonawanda, but either at New York or Buffalo, probably the latter. The only question, then, is in regard to the effect, as evidence, of the statement in the certificate. There are some considerations which seem to me decisive of this question. Unless the legislature intended that the certificate should be conclusive as to the location of the principal office, it is difficult to see any adequate motive for requiring the statement to be made. It is in no manner essential to the existence of a corporation that the place of its principal office should be fixed, or even that it should have any such office. We can, however, see obvious reasons why it is expedient that corporations should be deemed to have a location for certain purposes, among which is that of taxation; and that this should be definite and certain, and not subject to fluctuation or doubt. When the question is left open to parol proof, serious difficulties and embarrassments must often arise. What makes the office of a corporation its principal office? Is it the residence of its officers, or does it depend upon the amount of business done, or the number of clerks kept at a particular office? These, and other like questions, are of difficult solution where the question is left open and at large, and necessarily tend to produce controversies and litigation. To avoid disputes upon the subject was, I apprehend, one motive for requiring the location to be fixed by the certificate. It is not important that a corporation should be taxed where it does the greatest amount of its business; but it is important that the place where it is liable to be taxed should be known."

In reply to the argument that the motive of the company in placing its principal office at the place designated in the certificate was to escape taxation, the judge said: "But it is no more immoral or inequitable for a corporation to do this than for an individual to do precisely the same. A person may keep his office in Buffalo, and transact business there to an unlimited

amount, enjoying all the facilities and advantages which the enterprise and expenditures of the city have afforded, and yet, by residing without the city bounds, avoid all municipal taxation. When this shall be practiced, either by individuals or corporations, to an extent which renders it a serious evil, it will be for the legislature to interfere."

The decision in that case was approved and followed in later cases in that State. See *Oswego Starch Factory* v. *Dilloway*, 21 N. Y. 449; *Union Steamboat Co.* v. *City of Buffalo*, 82 N. Y. 351.

In the last-named case it is said, in reference to the two preceding cases, that "in those cases the whole subject was considered and discussed. We held that for the purpose of taxation the principal office of the company was fixed conclusively by the certificate of incorporation, and that in the county thus designated, and there alone, it could be lawfully taxed. We determined that such was the legal effect of the statute presenting the manner of taxation, and the reasons for that conclusion drawn from the law itself, and the manifold ills and inconsistencies which would result from a contrary construction were so plainly and forcibly stated as to make repetition or further discussion unnecessary. * * * It is urged, also, that the purpose for which the principal office of the plaintiff was located in the county of Rockland was to avoid taxation. That may be, although no such fact is embraced in the findings of the trial court. We held that to be immaterial in the case of the *Western Transportation Company* v. *Scheu.* We have nothing to do with the motive. We can only deal with the fact. If such an evil exists, another authority than ours must provide for its correction."

In *Pelton* v. *Transportation Company*, 37 Ohio St. 450, it was held that a certificate of incorporation which, under the statute, specifies the place where the principal office is to be located, is conclusive as to the location of such office. Such office is to be regarded as the residence of the corporation within the meaning of section 4 of the tax law of April 5, 1859, as amended April 8, 1865, which provides that certain personal property "shall be entered for taxation in the township or town in which the person to be charged with taxes thereon resides at the time of listing the same by the assessor."

There are cases which hold that the designation of the location of the principal office or place of business of the company in its certificate or articles of incorporation is not conclusive of that fact for purposes of taxation; but some of them are cases where the law under which the incorporation was had did not require that the principal office or place of business of the company should be so stated (*Milwaukee Steamship Co.* v. *Milwaukee*, 83 Wis. 529, 53 N. W. 839, 18 L. R. A. 353; *Georgia Fire Ins. Co.* v. *Cedartown*, 134 Ga. 187, 67 S. E. 410, 19 Am. & Eng. Ann. Cases 954), and others where the decision turned upon the special provisions of the statutes involved, as in Michigan. In that State it seems that the taxation statute provides that the place where the principal office of a corporation is located in its articles of incorporation shall be deemed its residence, provided its business is actually transacted at such office; but if it establishes its principal office at a place elsewhere than at the place designated, then the place where it transacts its principal business shall be deemed its residence for purposes of the act. See *Teagan Transportation Co.* v. *Detroit*, 139 Mich. 1, 102 N. W. 273, 111 Am. St. Rep. 391, 69 L. R. A. 431.

No case has been cited, nor have we found one in our investigation, where it has been held, in construing a statute similar to ours, that the statement in the articles of incorporation of the location of the company's principal office was not conclusive of that fact.

Counsel for the city of Lynchburg insists that this court held, in refusing an appeal in the case of *Harrison & Long, Trustees,* v. *West Lynchburg Furniture Co.,* on April 2, 1896, that such a statement in the articles of incorporation was not conclusive of the fact. In that case, which involved the question whether or not the claim of a mechanic's lienor had been recorded in the proper clerk's office, under sections 2485 and 2486 of the Code of 1887, it was found by the commissioner that at the time the contract of the lien claimant was entered into and the materials furnished the corporation had abandoned the office named in its charter as its principal office, and transferred it to its factory, in Campbell county, and at that time had but the one office, and never afterwards had any other, and that the memorandum of the claim asserted as a

80

lien was filed in the clerk's office of the county court of Campbell county, in which the only office the company had was located. Upon that state of facts the trial court and this court were of opinion that the memorandum required had been filed in the proper clerk's office, and the lien duly perfected. Under the peculiar circumstances of that case, we do not think that the conclusion reached established a precedent which should control the decision of this case.

We are of opinion that the proper place for the taxation of the property sought to be released from taxation was in the town and county where its principal office was fixed by the corporation's charter, and not in the city of Lynchburg; that its motive in fixing its principal office in a place other than where its principal business was done, for the purpose of getting a lower rate of taxation, is not material in construing the statutes in question. "We have," as was said by the Court of Appeals of New York in *Union Steam-ship Co.* v. *Buffalo, supra,* "nothing to do with the motive. We can deal only with the fact. If such an evil exists, another authority than ours must provide for its correction."

The order complained of must be reversed, and the cause remanded to the corporation court, with direction to enter the proper order, exonerating and discharging the appellants from the payment of said taxes assessed against them in the city of Lynchburg.

*Reversed.*