## CASS COUNTY v. MORRIS COUNTY.
### (No. 3559.)

Court of Civil Appeals of Texas. Texarkana. June 7, 1928.

well as a moral obligation to turn it over to the rightful owner."

We will not undertake to determine the meaning of the statute; for if we concluded it should be construed as contended for, we would nevertheless feel bound to affirm the judgment. As we view the case, the principle invoked by Cass county is not applicable to it. Morris county never received any property belonging to Cass county. The property it received as fees for registering the motor vehicles was money belonging, not to Cass county, but to the owners of the vehicles. If the statute required the vehicles to be registered in Cass county and the registration thereof in Morris county was unauthorized, they were never lawfully registered. The right (if any existed) to recover the fees paid to the tax collector of Morris county for registering the vehicles was in the persons who paid such fees, and not in Cass county.

The judgment is affirmed.

S. I. Cornett, of Linden, for appellant.

W. E. Newland, of Daingerfield, for appellee.

WILLSON, C. J. (after stating the facts as above). It is insisted that the statute referred to in the statement above required a motor vehicle to be registered and the fee therefor to be paid in the county where the owner thereof resided, unless the vehicle was operated in "carrying on (quoting from appellant's brief) a permanent business" in another county than the one in which the owner resided. So construing the statute, it not appearing that any of the vehicles in question were so operated in Morris county, it is insisted further that the vehicles should have been registered and the fees therefor paid in Cass county, and that the registration of same in Morris county was unauthorized. It is argued that Cass county therefore was entitled to recover as it sought to "under (quoting further from said brief) the general principle of law that 'where one receives property belonging to another' he is under a legal as