## McCARROLL v. EDWARDS et al. (No. 3753.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 7, 1929.

Rehearing Denied Nov. 21, 1929.

'White & Yarborough, of Dallas, for appellant.

Thompson, Knight, Baker & Harris, and Wallace, Taylor & Vickrey, all of Dallas, for appellee.

WILLSON, C. J. (after stating the case as above). By the terms of the statute (article 1995, Rev. St. 1925), with certain specified exceptions, an inhabitant of this state cannot be sued out of the county in which he resides. One of the exceptions (the fourth) is stated as follows: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." The exception set out seems to be

qualified by the provision in Act June 7, 1927 (General and Special Laws Fortieth Legislature, page 197, c. 72, § 2), requiring defendants who are nonresidents of the county where the suit is brought to be *necessary* parties to the suit. Citizens' Nat. Bank v. Del Rio Bank & Trust Co. (Tex. Civ. App.) 11 S.W.(2d) 242.

Appellant's contention is, contrary to the conclusion of the trial court, that it appeared the residence of the appellees California Stage Lines, Lowther, and Katz, respectively, was in Dallas county, and that he therefore was entitled to sue them in that county; and it further appeared that appellees Charles Edwards, Sr., and Charles Edwards, Jr., were necessary parties to his suit against the other appellees, and that he therefore was entitled to sue them with said other appellees in Dallas county.

We agree with appellant so far as his contention is that it appeared the residence of the stage lines was in Dallas county, and that he had a right to sue it there; for it appeared from recitals in the charter granted by the state to that corporation that its principal office and place of business was to be maintained in the city of Dallas, in Dallas county, and from other evidence that it was actually maintaining an office and doing business in said city at the time of the alleged injury to appellant. We think the evidence specified, uncontradicted as it was, should have been treated by the trial court as sufficiently establishing that the residence of the stage lines was in Dallas county. Trustees v. City of Lynchburg, 113 Va. 627, 75 S. E. 233; Steam Shovel Co. v. Wills (C. C. A.) 212 F. 688; Id., 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841. In the case first cited it was held that the recital in a certificate of incorporation that the corporation's principal office is at a particular place is conclusive of the fact that it was at that place.

But we do not agree with appellant, so far as his contention is that it appeared the appellees Edwards were necessary parties to his suit against the other appellees, or any of them. To be a "necessary" party, a defendant in a suit must have an interest in the subject-matter thereof, and the interest must be of such a nature that a final judgment could not be rendered in the suit without affecting it. Wilson v. Imp. Dist. (Tex. Civ. App.) 256 S. W. 346; 47 C. J. 16; 1 C. J. 1102; 20 R. C. L. 17. Said appellees Edwards' liability if any, to appellant, was dependent entirely upon their own conduct, for which they could be sued alone, and not at all upon conduct of the other appellees, and they (the Edwardses) would not be in any way affected by a judgment establishing the liability or nonliability of said other appellees to appellant. 45 C. J. 895; 47 C. J. 81, 86; Tandrup v. Sampsell, 234 Ill. 526, 85 N. E. 331, 17 L. R. A. (N. S.) 852.

It follows from what has been said that we think the trial court did not err when he sustained the plea of privilege of the appellees Edwards, it appearing they were not necessary parties to appellant's suit, but did err when he transferred the cause to Midland county for trial, not only as to them, but also as to the other appellees. He should have sustained said plea, and have transferred the cause, so far as it was against said appellees Edwards, to Midland county for trial, but should have retained same for trial so far as it was against the other appellees. The judgment will be here modified accordingly, and, as so modified, will be affirmed.