**BYRD CATTLE CO. v. TEXAS VEGETABLE UNION. (No. 8302.)**

Court of Civil Appeals of Texas. San Antonio.
Dec. 21, 1929.

Boyle, Wheeler & Gresham, of San Antonio, for appellant.

Cunningham, Moursund & Johnson, of San Antonio, for appellee.

COBBS, J. Appellee sued appellant in Bexar county to recover damages in the sum of $92,442.42, with interest from May 1, 1928, at 6 per cent., growing out of the breach of a written contract.

Defendant filed a plea of privilege to be sued in Dimmit county, or in the alternative in Zavale county. Plaintiff filed a controverting affidavit, and also pleaded a part of the charter as follows:

"The business of said company shall be transacted in the County of Dimmit, in the State of Texas, with its principal offices in Carrizo Springs, Dimmit County, and San Antonio, Bexar County, and such branch offices in the State of Texas, as may, from time to time, become necessary for convenience and economy after amendment of charter."

Defendant urged by plea that subdivision 23 of article 1995 is unreasonably discriminatory and arbitrary as against defendant and therefore in conflict with the equal protection clause of the Fourteenth Amendment to the Constitution of the United States providing: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

■ The pleas of privilege were overruled by the court. It was shown that since 1913 defendant had no office, nor did defendant do any business, in Bexar county, but did and performed its business in Dimmit county, where it had and maintained its sole office, 158 miles away from San Antonio.

Under the provisions of the charter as shown above, there is given to appellant two residences, whether it uses them or not. There can be no doubt about the charter right, even though in cases of individuals there may be two residences. Pearson v. West, 97 Tex. 238, 77 S. W. 944; Taylor v. Wilson, 99 Tex. 651, 93 S. W. 109.

It would lead to no advantage to the jurisprudence of this state to enter into a discussion with reference to the office of a corporation or where it does its business, as is discussed in Sanders v. Farmers' State Bank of Mexia (Tex. Civ. App.) 228 S. W. 635, because the charter of the corporation itself fixes two places, and it is as available for a suit against it in one place as in the other.

■ In regard to the defense that "subdivision 23 of Article 1995" is void, we do not think it controverted the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. We cannot see any conflict in the two statutes.

We fail to find any merit in appellant's contention and therefore overrule the same and affirm the judgment.