## W. L. OPP v. THE STATE.

No. 18440. Delivered May 6, 1936.

The opinion states the case.

*Leonard Brown,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for operating an unregistered car; punishment, a fine of one dollar.

Appellant refers to this in his brief as a test case. The facts show that he lived in Bexar County, Texas, and operated a truck in said county which he had not registered in said county for 1936, nor had he received from any official of said county any license number plates for said year. Appellant defends on the ground that for said year he had registered his car in La Salle County, Texas, and had obtained from the officials of said county number plates which were on said car at the time of the operation of same in Bexar County. The only question involved is whether owners of cars residing in this State may operate them under number plates and license obtained as a result of registration of such cars in a county other than the one of the owner's residence. We think the law re-

quires registration of the car in the county of the residence. Looking to Chap. 23, Acts Fifth Caled Session, 41st Legislature, we observe that in Sec. 2 thereof it is stated in so many words, that an applicant for the registration of a car must register same in the county where he resides. Appellant contends that Sec. 2a of said enactment was intended to mean that a citizen in this State who sees fit to register his car in some county other than the one of his residence, may do so and can not be prosecuted for the operation of such car upon the ground that he did not register it in the county of his residence. Said Sec. 2a is as follows: "Nothing in this Act shall authorize any person to be subject to penalty of this law on account of his place of residence in this State, nor the occupation pursued." We are not particularly interested in how said Sec. 2a got in said Act, but note that it was not comprehended by the caption, which specifies definitely what the intended amendments to the automobile registration law should be. The said Sec. 2a is entirely meaningless. Nothing in the amended Act seems to seek to subject anyone to punishment because of his place of residence or occupation. To hold as appellant contends would be to say that though in one place the Legislature definitely laid down the requirement of registration in the county of residence, that in the next paragraph of the same act they said this requirement meant nothing, and that cars could be registered anywhere the owner desired. We note that in two cases our Courts of Civil Appeals have held that cars may only be registered in the county of the owner's residence. See Miller et al. v. Foard County et al., 59 S. W. (2d) 277, and Cass County v. Morris County, 9 S. W. (2d) 373.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*