## HAWK & BUCK CO., Inc., et al. v. CASSIDY.

### No. 5459.

Court of Civil Appeals of Texas. Amarillo.

June 15, 1942.

Rehearing Denied Sept. 7, 1942.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellants.

L. B. Milam, D. A. Frank, and D. A. Frank, Jr., all of Dallas, for appellee.

FOLLEY, Justice.

This is an appeal from an order overruling the pleas of privilege of The Hawk & Buck Company, Inc., and Charles C. Griffin to be sued in Tarrant County, the appeal being from the District Court of Dallas County.

The appellee, J. R. Cassidy, filed his suit against the appellants, The Hawk & Buck Company, Inc., and Charles C. Griffin, seeking judgment awarding him 300 shares of the common capital stock of the corporation and for dividends in the sum of $30,-000, or, in lieu of such stock, for the reasonable cash market value of the same together with $30,000 in dividends. Griffin is president of the corporation and his residence is admittedly in Tarrant County.

The appellee alleged that the corporation was a resident of Dallas County; that it was originally incorporated as The Miller Company in 1924, but that by amendment of its charter in 1928 its name was changed to The Hawk & Buck Company, Inc., the identical corporation sued herein; that appellee was one of the directors at the time of the organization of the original corporation, The Miller Company, which had a capital stock of $600,000; that at the time of such incorporation 300 shares of the stock of the corporation at the value of $100 per share were assigned to appellee, in addition to his salary, as an inducement for him to become a factory manager of The Miller Company; that such stock was never delivered to appellee but is still his property; that under said agreement he was manager of the corporation's plant in Waco for about 17 years or until January 1, 1941, when he resigned; that the appellant Griffin owns other businesses and has commingled the assets, liabilities and affairs of the same with The Hawk & Buck Company, Inc.; that the corporation has paid no dividends because of such acts of Griffin; and that the appellants have failed to deliver to appellee his stock and dividends. In addition to his prayer for the relief above indicated, appellee also asked for the appointment of a receiver.

The testimony shows that The Miller Company was organized and chartered in 1924, with Cassidy, Griffin, and three others as directors. The original charter shows it was incorporated for the purpose of manufacturing and selling clothing, particularly overalls, pants and shirts, and for the purchase and sale of goods, wares, and merchandise used for such purpose. The place where the business of the corporation was to be transacted was specifically designated in the articles of incorporation as Dallas, Dallas County, Texas. In April, 1928, the name of the corporation was changed from The Miller Company to The Hawk & Buck Company, Inc., by an amendment of the charter. In such amendment no mention was made of any change in the residence of the corporation. It is uncontroverted, however, that in 1925 or 1926 the company moved its principal place of business, its books, records, and offices from Dallas to Fort Worth in Tarrant County, since which time it has maintained no office and conducted no business of any sort in Dallas County.

We think the controlling question presented is whether the recitations in the charter of the corporation designating Dallas County as its place of business is sufficient to retain the venue there even though the corporation is not, in reality, using such county as a place of residence. It is to this question that we direct our attention, all other matters, in our judgment, becoming immaterial.

Like many other jurisdictions, Texas has by statute required corporations to designate the place or places where they will do business. Article 1304, Vernon's Ann.Civ.St., requires that the charter of any private corporation must set forth the "place or places where its business is to be transacted." Such statutes are, no doubt, for the obvious purpose of avoiding disputes as to the company's "place of business" or "domicile" and to determine venue, fix a situs "for the purpose of general jurisdiction and taxation, and to apprise the stockholders where they may go to inspect the books and records of their company." Fletcher Cyc.Corp., Perm.Ed., Sec. 4046. The domicile of the defendant cor-

poration in this case was thus fixed in Dallas County for the purpose of venue until changed in some manner authorized by law. Article 1314, Vernon's Ann.Civ.St., in our judgment, provides a method for such change wherein it is stated that the charter may be amended or changed "by filing, authenticated in the same manner as the original charter, such amendments or changes with the Secretary of State" and that such "amendments or changes shall take effect and be in force from the date of the filing thereof." This method of changing the charter with reference to the domicile of the corporation was not pursued in this case. In 18 C.J.S., Corporations, § 176, p. 585, on the question of the change of domicile, it is said: " * * * Where, under the statutes, a corporation has acquired a fixed domicile or residence at a particular place within the state of its creation, as at the place designated in its charter, articles, or certificate of incorporation, as its principal office or place of business, it cannot change such domicile or residence at will, but only as authorized by statute, through authorized corporate action, and by complying substantially with the requirements of the statute. * * *"

■ This brings us to the consideration of the question as to whether the place specified in the articles of incorporation as the place of business of the corporation is conclusive as against the corporation on the issue of venue. We must admit there is a great diversity of opinion on this question. In 14 C.J. 339, par. 416, the observation is made that where the statute requires the charter to specify the principal office or place of business of the company such specification is usually conclusive. But in 18 C.J.S., Corporations, § 176, pp. 585, 586, under the subject of "Evidence of Domicile," it is recognized that the authorities in the various jurisdictions are in hopeless conflict on this question. To the same effect is the statement in Fletcher Cyc.Corp., Perm.Ed., Sec. 4046, p. 508. The latter text asserts that the weight of authority is that such statements are not conclusive, but it recognizes the minority rule to the contrary. If the weight of authority is against the conclusiveness of such statements of the charter, it seems that the courts of Texas which have dealt with the question have, in effect, adopted the minority rule. So far as we have been able to ascertain, the Texas courts have spoken only twice on the subject and in one of these instances, in so far as the instant case is concerned, the statement amounts to no more than dicta. In this connection, we refer to the case of McCarroll v. Edwards et al., Tex.Civ.App., 22 S.W.2d 684, wherein the venue was held to be in the county where the charter showed the corporation was incorporated to do business. But there was other evidence therein to the effect that such corporation was then actually maintaining an office and doing business in the county designated in its charter. Such is not the case here. The other case we find in Texas on the subject expressly held that the corporation therein involved might be sued in the county designated in its charter as one of its places of business, even though it had no office and did no business in such county. This latter case is that of Byrd Cattle Co. v. Texas Vegetable Union, Tex.Civ.App., 22 S.W.2d 990. Such a rule is not without authority in other jurisdictions. Loyd's Executorial Trustees v. City of Lynchburg, 113 Va. 627, 75 S.E. 233, and authorities cited; State ex rel. Northwestern Land & Colonization Co. v. District Court et al., 191 Iowa 244, 182 N.W. 211; Davis v. Central Railroad & Banking Company, 17 Ga. 323; Fairbanks Steam Shovel Co. v. Wills, 7 Cir., 212 F. 688; Id., 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841. It should be noted, however, that in the Byrd Cattle Co. case, supra, the charter of the corporation fixed two places for the principal offices of the company, one of which was in the county of the suit where the company maintained no office and did no business. It was held in such case that the provisions of the charter had given the corporation two residences whether it used them or not and that the venue might be retained in a county thus designated but not used as a residence. It is upon this principle that we rest our decision in this case.

■■ In view of the above authorities and of the provisions of our statutes relative to the charters of corporations, we feel compelled to follow the rule announced to the effect that a corporation may be sued in the county where its domicile is designated by its charter, and this regardless of whether it does business or maintains an office in such county. In this decision, however, we do not wish to be understood as holding that the provisions of the charter fix the venue exclusively in Dallas County. The principal office of the corporation is admittedly in Tarrant County

and thus venue against it might also be there under subdivision 23 of Article 1995, Vernon's Ann.Civ.St. The conclusiveness of the recitations in the charter must necessarily be construed against the corporation and not in its favor so as to permit it to remove a suit from the county of its actual residence to one designated in its charter.

The judgment is affirmed.