## WEAVER v. SIMMONS.
### No. 11794.

Court of Civil Appeals of Texas. Galveston.
July 18, 1946.

Rehearing Denied Nov. 14, 1946.

Fulbright, Crooker, Freeman & Bates, Newton Gresham and Thad Grundy, all of Houston, for appellant.

Jones & Jones, of Marshall, and Allen, Smith & Neal, of Houston, for appellee.

Woodul, Arterbury & Folk, of Houston, amicus curiæ.

MONTEITH, Chief Justice.

This is an appeal from an order of a district court of Harris County overruling a plea of privilege in an action brought by appellee, C. V. Simmons, against appellant, Oliver Weaver, doing business as Weaver Son Oil Station, and Guy A. Thompson, trustee and receiver of Sugarland Railway Company, for the recovery of damages for personal injuries sustained as the result of a collision in Fort Bend County alleged to have been due to the negligent operation of a truck being driven by an employee of appellant Weaver and a freight train operated by the agents and employees of Sugarland Railway Company.

Appellant filed his plea of privilege to have said suit tried in Wharton County, the county of his residence. Appellee duly filed his controverting affidavit claiming venue of the suit in Harris County under subdivision 4 of Article 1995, Revised Statutes of 1925, which provides that: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * * 4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *."

Upon a hearing on the allegations of the plea of privilege and the controverting affidavit an order was entered by the trial court overruling the appellant's plea of privilege. No findings of fact or conclusions of law were requested by the parties or filed by the court.

For the purpose of the hearing on the plea of privilege and the controverting affidavit, it was stipulated by appellee, C. V. Simmons, and appellant, Oliver Weaver, that plaintiff's injuries resulted from the joint negligence of the employees of appellant Weaver and the employees of Guy A. Thompson, trustee and receiver of the Railway Company, and that appellant was a bona fide resident of Wharton County, Texas.

Appellee based his contention that the venue of the suit was established in Harris County upon the allegation that the Sugarland Railway Company had its principal place of business in Houston, Harris County, Texas, and upon the allegation that Guy A. Thompson, trustee and receiver of the Railway Company, was an actual party defendant in the case and that he occupied the same position as the company would have occupied if it had not been in bankruptcy.

For the purpose of establishing the fact that the domicile of the receiver of the Railway Company is legally the same as the domicile of the Railway Company itself, appellee pleaded Article 2311, Revised Civil Statutes, which provides that "Actions may be brought against the * * * receivers of a corporation in the county where the principal office of said corporation may be located."

It is undisputed in the record that the charter of the Sugarland Railway Company recited that the principal office of the corporation should be at Sugarland, in Fort Bend County, Texas, and that the by-laws of the corporation require that stockholders' meetings and annual directors' meetings of the corporation shall be held in the principal office and place of business of the corporation in the State of Texas. The record shows that the annual meetings of the directors of the Railway Company were held at Sugarland for the period from June, 1934, to June, 1945, and that the minutes of each directors' meeting recited that the meetings were held at Sugarland and immediately adjourned to Houston in Harris County, Texas, at a later date with no further action, and that the Stockholders' meetings for the Railway Company for the period from 1926 to the date of the trial were held at Sugarland. All records showing stock ownership and transfers thereof and records of the Railway Company showing the Company's assets and liabilities were kept in Houston. A number of the officers and agents of the Railway Company lived and had offices in Houston.

The question presented for decision in the appeal is whether the recitations in the charter of the corporation designating Sugarland in Fort Bend County as its principal office and place of business is conclusive as against the corporation on the question of venue and is sufficient to retain the venue of the suit in Fort Bend County even though the corporation has maintained an office in Houston, in Harris County, Texas, in which it has transacted some of its business.

Article 6275, Revised Civil Statutes of 1925, provides that: "Every railroad company chartered by this State, or owning or operating any line of railway within this state, shall keep and maintain permanently its general offices within this State at the place named in its charter for the location of its general offices. If no certain place is named in its charter where its general offices shall be located and maintained, then said railroad company shall keep and maintain its general offices at such place within this State where it contracts or agrees to locate its general offices for a valuable consideration."

Article 6286, Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. art. 6286, prohibits the removal of the general offices of a railroad corporation, " * * * save with the consent and approval of the Railroad Commission of Texas, * * *." The record does not show a consent to or an approval of a removal of the principal office and place of business of Sugarland Railway Company by the Commission.

■ While there has been much diversity of opinion among the decisions by the courts of other jurisdictions on the question as to whether the place specified in the articles of incorporation as the place of business of the corporation is conclusive as against the corporation on the issue of venue, the courts of this State which have dealt with the question have, in so far as we have been able to determine, uniformly held that where the statute requires that the charter specify the principal office or place of business of the corporation, such specification is conclusive and establishes the domicile of the corporation for venue purposes.

In the case of International & G. N. Ry. Co. v. Anderson County et al., 106 Tex. 60, 156 S.W. 499, 501, the Supreme Court of Texas, speaking through Chief Justice Phillips, in passing on the question as to whether the venue of a suit against the International & Great Northern Railway Company was properly laid in Anderson County, in holding that the residence or domicile of a corporation which has been established by law can only be changed by law, in its opinion said: "By statute the public office of a railroad corporation in this state is regarded as its domicile, and, wherever the law requires such public or general offices to be maintained, is fixed by the same authority as the place of its domicile. Unlike a natural person, a corporation is not at liberty to change its domicile at will. Whether expressed in the right of charter designation or in a general statute, which contravenes such right, the law governs the location, and there is no power in a corporation to establish a domicile in fact which will prevail over that

prescribed by law. The main question in this case is whether under the law the plaintiff in error was required to maintain its general offices in Palestine, in Anderson county, or possessed the right to establish them elsewhere by designation in its charter. The decision of that question, in accord with either view, determines the place of its legal domicile, and, accordingly, the venue of the suit. * * *. It is manifest that the question of venue cannot, even under the theory advanced by the plaintiff in error, be. otherwise rightfully determined. To say that the venue was properly in Harris county assumes that it had the right to change the location of its general offices from Palestine, establish them in Harris county, and thereby fix that as the county of its domicile, which is the fundamental question in the case."

In the case of McCarroll v. Edwards, Tex. Civ.App., 22 S.W.2d 684, it was held that venue could be maintained against the defendant corporation in Dallas County, since it appeared from recitals in the charter granted by the State to that corporation that its principal office and place of business was to be maintained in the City of Dallas, in Dallas County, and from other evidence that it was actually maintaining an office and doing business in that city at the time of the alleged injury to appellant. Citing the cases of Loyd's Executorial Trustees v. City of Lynchburg, 113 Va. 627, 75 S.E. 233; Fairbanks Steam Shovel Co. v. Wills, 7 Cir., 212 F. 688; Id., 240 U.S. 642, 36 S. Ct. 466, 60 L.Ed. 841.

In the case of Loyd's Executorial Trustees v. City of Lynchburg, supra, it was held that the recital in a certificate of incorporation that the corporation's principal office is at a particular place is conclusive of the fact that it was at that place.

A similar holding was announced in the case of Byrd Cattle Co. v. Texas Vegetable Union, Tex.Civ.App., 22 S.W.2d 990, in which appellant was sued in Bexar County to recover damages for breach of contract on the theory that its charter recited that its principal offices would be located at Carrizo Springs in Dimmit County and in San Antonio in Bexar County. The San Antonio Court of Civil Appeals held that because the charter of the corporation itself fixed two places of residence it was available for a suit in either place.

The recent case of Hawk & Buck Co. v. Cassidy, Tex.Civ.App., 164 S.W.2d 245, 246, involved the same question presented in this appeal under a similar state of facts. In that case the Amarillo Court of Civil Appeals, speaking through Justice Folley, held that the courts of the state of Texas which have dealt with this question have, in effect, held that where the statute requires the charter to certify to the principal office or place of business of the company, such specification is usually conclusive. The court in its opinion said: "Like many other jurisdictions, Texas has by statute required corporations to designate the place or places where they will do business. Article 1304, Vernon's Ann. Civil St., requires that the charter of any private corporation must set forth the 'place or places where the business is to be transacted.' Such statutes are, no doubt, for the obvious purpose of avoiding disputes as to the company's 'place of business' or 'domicile' and to determine venue, fix a situs 'for the purpose of general jurisdiction and taxation, and to apprise the stockholders where they may go to inspect the books and records of their company.' Fletcher Cyc. Corp., Perm.Ed., Sec. 4046. * * * Article 1314, Vernon's Ann.Civ.St., in our judgment, provides a method for such change wherein it is stated that the charter may be amended or changed 'by filing, authenticated in the same manner as the original charter, such amendments or changes with the Secretary of State' and that 'such amendments or changes shall take effect and be in force from the date of the filing thereof.' * * * In 18 C.J.S., Corporations, § 176, p. 585, on the question of the change of domicile, it is said: '* * * Where, under the statute, a corporation has acquired a fixed domicile or residence at a particular place within the state of its creation, as at the place designated in its charter, articles, or certificate of incorporation, as its principal office or place of business, it cannot change such domicile or residence at will, but only as authorized by statute, through authorized corporate action, and by com-

223

plying substantially with the requirements of the statute. * * *.'"

Under above authorities and in view of the statutes of this State relative to the charters of corporations, we think that the recitation in the charter of the Sugarland Railway Company of Sugarland, in Fort Bend County, as its principal office or place of business is conclusive as against the corporation on the question of venue.

It follows that the order appealed from must be reversed and judgment here rendered sustaining appellant's plea of privilege, with instructions that the suit be transferred to the district court of Wharton County, as provided under Rule 89, Texas Rules of Civil Procedure.

Reversed and remanded.