## TRI-COUNTY ELECTRIC COOPERA-TIVE, Inc. v. THOMPSON.

### No. 15098.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 13, 1950.

M. Hendricks Brown, of Fort Worth, Strasburger, Price, Holland, Kelton & Miller, and Hobert Price, all of Dallas, for appellant.

West & Moore, and John W. West, all of Dallas, for appellee.

SPEER, Justice.

This is a venue case. The parties will bear the same designation as in the trial court.

Plaintiff W. D. Thompson sued defendant, Tri-County Electric Cooperative, Inc., a corporation, in a district court of Tarrant County, to recover damages sustained when he came in contact with one of defendant's live wires, occasioned by defendant's detailed negligence.

Defendant timely filed its plea of privilege, containing all necessary requisites. Plaintiff filed his controverting affidavit, relying upon exception 23 to Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 23, alleging the specific reasons therefor, and, by appropriate references, made his petition a part of that instrument.

At the hearing, to shorten the record, counsel for defendant announced in open court that the parties had agreed and stipulated that: "The actual location of the office of defendant, the Tri-County Electric Cooperative, Inc., is and was in Parker County but that the charter recites the home office is in Azle, Tarrant County, Texas.

"It is stipulated that the accident out of which this suit arose happened in Parker County, Texas.

"For the purpose of the venue hearing only and not to be considered on the merits of the case, it is stipulated that the plaintiff could prove a cause of action."

In addition to the foregoing stipulations, plaintiff introduced in evidence a request for admissions and answers thereto under Rule 169, Texas Rules of Civil Procedure. There are several admissions included which we consider immaterial here, but No. 10 reads: "That the articles of incorporation filed with the Secretary of State have never been changed or amended to show any other address except Azle, Tarrant County, Texas."

The trial court overruled the plea, hence defendant's appeal.

Under an appropriate point of assigned error defendant contends that the court erred in overruling its plea of privilege because the undisputed stipulated facts show: (a) That the accident happened in Parker County; (b) that the principal office and place of business of defendant in fact is and was in Parker County; and (c) there was no agent or office of defendant located in Tarrant County, Texas.

It is the contention of plaintiff that irrespective of the actual location of defendant's office and place of business, in this

action defendant is bound by the recitations in its charter that "its home office is in Azle, Tarrant County, Texas," and it is contended further that the charter provision referred to has not been changed or amended as provided by Article 1314, R. C.S. The respective contentions present the sole question in this appeal.

The issue before us has been adjudicated by the courts of this state against defendant's contentions and in support of plaintiff's theory. To write at length on the subject would be largely a repetition of what has been said in such cases as Mc-Carroll v. Edwards, Tex.Civ.App., 22 S. W.2d 684, and cases there cited; Byrd Cattle Co. v. Texas Vegetable Union, Tex. Civ.App., 22 S.W.2d 990; Hawk & Buck Co., Inc., v. Cassidy, Tex.Civ.App., 164 S. W.2d 245; Weaver v. Simmons, Tex.Civ. App., 197 S.W.2d 219.

There is nothing in this record to indicate that at the time defendant made application for its charter and declared on the oath of applicants that its "home office is in Azle, Tarrant County, Texas" that such office or place of business was then or would be in the future in Parker County, Texas, or in any other county of the state than Tarrant. Article 1304, R.C.S., requires that a corporation's charter must set forth: " * * * 3. The place or places where its business is to be transacted." Defendant, having complied with this requisite, is bound by it for venue purposes until changed as provided in Article 1314, R.C.S., as held by the above cited cases.

The point of error is overruled and judgment of the trial court will be affirmed.

Affirmed.