### TEXAS HIGHWAY DEPARTMENT et al. v. KIMBLE COUNTY et al.

#### No. 9959.

Court of Civil Appeals of Texas. Austin.

May 9, 1951.

Rehearing Denied May 30, 1951.

Price Daniel, Atty. Gen. of Texas, William S. Lott and Clinton Foshee, Assts. Atty. Gen., for appellants.

Maynard F. Robinson, Robert L. Strickland, San Antonio, Albert Searcy, County Attorney, Kimble Co., M. C. Blackburn, Junction, for appellees.

ARCHER, Chief Justice.

This suit was instituted by the appellees against appellant for a declaratory judgment, seeking adjudication as to the proper county in which the motor vehicles of Alamo Motor Lines should be registered.

Article 6675a–2, Vernon's Ann.Civ.St., requires every owner of a motor vehicle used or to be used upon the public highways of this State to apply each year to the State Highway Department through the County Tax Collector "of the county in which he resides" for registration of such vehicles.

The controlling question to be determined in this appeal is the legal residence of the Alamo Motor Lines, which is a Texas cor-

poration. Its charter recited that "the place where the business of the corporation is to be transacted and where its principal offices are to be maintained, is Junction, Kimble County, Texas." Article 1304, V.A.C.S., requires that the charter must set forth the place or places where its business is to be transacted.

The Highway Department contends that the charter recitation as to residence was a sham, and that in truth and fact its residence was in San Antonio, Bexar County, Texas, and that under Article 6675a–2, V.A.C.S., all of its vehicles should be registered in Bexar County. The corporation has paid its license fees in Kimble County.

The trial court in its declaratory judgment found that Junction, the county seat of Kimble County, Texas, was under Article 6675a–2, V.A.C.S., the legal and proper county for the appellee to register its motor vehicles, and this finding is assigned as error.

The facts are substantially without dispute. On the 12th of July, 1944, the Alamo Motor Lines was issued a charter and has operated since that time. Its operation is generally between Houston, through San Antonio, San Angelo and Alpine, to El Paso, Midland and Odessa, and other places in Texas.

It has facilities in several cities and has as its address of the general manager San Antonio, and in which city it keeps its corporation books, files and its seal. There are some loading facilities in Junction and two employees are kept there. As a fact the corporation does far more business in either or all of the other cities where it has facilities for loading and storage than in Junction, and we are then to determine the question as stated herein.

The subject matter has been well briefed and presented by appellant and appellees.

We believe that in the case of Hawk and Buck Co., Inc. v. Cassidy, Tex.Civ.App., 164 S.W.2d 245 (Amarillo 1942), and in the case of Stroh v. Odom, Tex.Civ.App., 225 S.W.2d 626 (Austin Writ Ref.N.R.E.), that the question is answered and that the charter recitation is conclusive as to its residence. Similar holding was made by the Galveston Court of Civil Appeals in Weaver v. Simmons, 197 S.W.2d 219, and by the Fort Worth Court of Civil Appeals in Tri-County Electric Cooperative v. Thompson, 226 S.W.2d 511.

Appellant cites 10 Tex.Jur., p. 631, and other authorities, to the effect that a corporation resides in the county where its principal offices are located. That this is correct does not militate against our holding that a corporation also resides in the county named in the charter as the place where its principal office is located. A person, including a corporation, may reside in more than one county. Pittsburg Water Heater Company of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576.

All that Article 6675a–2, supra, requires is that a motor vehicle be registered in the county in which the owner resides. The operator of a motor vehicle not so registered is subject to a criminal prosecution. Opp v. State, 130 Tex.Cr.R. 314, 94 S.W.2d 180. Such Article is, therefore, of a penal nature and must be construed most favorably to the owner of the vehicle. The statute being silent as to place of registration of motor vehicles in the event the owner resides in more than one county, we must hold that registration in either county would be valid.

The judgment of the trial court is affirmed.

Affirmed.