

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 23, 1958

Hon. Jack Fields
County Attorney
Calhoun County
Port Lavaca, Texas

Opinion No. WW 515

Re: Whether Union Carbide Chemical
Company Motor vehicles are re-
quired to be registered under
Article 6675a-2 of the Revised
Civil Statutes of Texas and
Article 804 of the Penal Code
when such vehicles traverse
only seven-tenths of a mile
over a State highway in the
Dear Mr. Fields:                    course of their operation.

Your request for an opinion reads, in part, as follows:

"Union Carbide Company owns and
operates a chemical plant located on
Highway No. 185 in Calhoun County, Texas.

"The motor vehicles in question
are used solely in connection with the
plant operations of Union Carbide, and
are upon a public highway only when
necessary to go from lands owned by the
corporation on the other side of the
highway. Due to the location of ingress
and egress of said properties, it is
necessary for said vehicles to traverse
the highway for approximately seven-
tenths of a mile.

"Union Carbide owns land almost in
equal portions on each side of the high-
way and each portion of land is directly
across the highway from the other.

"The question I wish an opinion on
being: Is the owner, its agents or em-
ployees, subject to prosecution under
Article 804 of the Penal Code in view of
Article 6675a-2 R.C.S. of T. when operating

> its unregistered motor vehicle under the
> facts as above set out."

Our answer to the above-mentioned question is no.

Art. 6675a-2 (C.V.S.) is our motor vehicle registration statute providing an exception from registration for the following:

> ". . ;provided, that where a public
> highway separates lands under the dominion
> or control of the owner, the operation of
> such a motor vehicle by such owner, his
> agent or employees, across such highway
> shall not constitute a use of such motor
> vehicle upon a public highway of this
> State."

Art. 804 (P.C.) provides a fine for those operating an unregistered motor vehicle on a public highway.

The owners of the vehicles under the facts you described fall within the exception quoted. The land in question is separated by a public highway and nothing else, and the land on either side is "under the dominion and control" of the owner of the vehicles. In Brown v. Meady 10 Me. 391, 25 Am. Dec. 248, the Court said "across. . . should be construed to mean the right of passing in the most convenient route over the field to the grantors buildings, though in so doing it was necessary to pass over the lot transversly and lengthwise."

While the law generally construes an exception to a revenue statute strictly against the person claiming same, the cases construing Art. 6675a-2 have given it a liberal construction. In Texas Highway Department, et al. v. Kimble County, et al., 239 S. W. 2d 831, Court of Civil Appeals, Writ refused N.R.E. the Court stated, "such article is, therefore of a penal nature and must be construed most favorable to the owner of the vehicle". Again in Allred, et al. v. J. C. Engleman Inc. Court of Civil Appeals, 54 S. W. 2d 352, Affirmed by the Supreme Court in 61 S. W. 2d 75, the Court said "the statute must be liberally construed to effectuate its purposes and designs".

The statute in question being of a penal nature requires "the act which is claimed to be a violation of penal law must be fairly within its terms to sustain an action for the penalty" Thompson v. Missouri, K & T Ry. Co. of Tex., (Sup. Ct. of Tex.) 126 S.W. 257.

It is our opinion that under the facts presented, the nature of the statute and the liberal construction placed thereon by the cases, that the egress from the land on one side of the highway need not be directly across the highway from the ingress to the land on the other side.

It is to be understood that this opinion is limited solely to the fact situation presented herein and that any other use of said vehicle on a public highway would require registration.

## SUMMARY

Where land under the dominion and control of the owner of a motor vehicle is separated by a public highway, said vehicle need not be registered under Art. 6675a-2 R.C.S. of Tex., where said vehicle is crossing the highway from said land on one side to said land on the other side even though the egress from the land on one side is not directly across the highway from the ingress to the land on the other side.

Yours very truly,

WILL WILSON
Attorney General

By John C. Phillips

John C. Phillips
Assistant

JCP:jc

APPROVED:

OPINION COMMITTEE

L. P. Lollar, Chairman
Leon Pesek
Clyde Kennelly

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt